The Honorable Preston Scroggin State Representative 59 Marshall Road South Vilonia, AR 72173-9335
Dear Representative Scroggin:
I am writing in response to your request for my opinion regarding the following question:
 May the Faulkner County Conservation District mortgage property as collateral in order to obtain a loan to be used to construct a building that would serve as a service center for USDA offices?
RESPONSE
For purposes of my analysis I will assume that the Faulkner County Conservation District is organized under the Conservation District Law (the "Act"), A.C.A. § 14-125-101 et seq. (Repl. 1998). Pursuant to A.C.A. § 14-125-106(1), any soil and water conservation district formed under the act constitutes "a governmental subdivision of this state and a public body, corporate and politic." Subsection 14-125-303(a) of the Code echoes this definition and further declares that a soil and water conservation district is one "exercising public powers."
Subsection 14-125-303(a)(8)(E) of the Code expressly authorizes a conservation district "[t]o borrow money and to issue notes, bonds, and other evidences of indebtedness in connection therewith and to pledge, mortgage, and assign the income of the district, including special benefit taxes, and its personal property as security therefor." The procedure for authorizing such borrowing is set forth in the following statutes:
 (a) The board of directors may petition the chancery court for authority to borrow money or issue bonds or other evidences of indebtedness.
 (b) The petition of the board shall state whether it is desired that those bonds or other evidences of indebtedness shall be made payable from the proceeds of any revenues derived from the operation of the works of improvement included in the approved plan or from the proceeds of taxes levied against the land within the project area.
 (c) The order of the court authorizing the issuance of the bonds or other evidences of indebtedness shall specify which sources shall be liable for the payments of the principal and interest thereon.
A.C.A. § 14-125-801.
 (a) The clerk of the court shall upon receipt of the petition give due notice by publication for two (2) weeks in some newspaper published and having a general circulation within the county in which the project area is located calling upon all persons owning land within the area to appear before the court upon a date to be fixed by the court, not less than ten (10) days nor more than thirty (30) days from the date of the last publication, to show cause in favor of or against the issuance of bonds or other evidences of indebtedness.
 (b) If upon final hearing the court deems it to be in the best interest of the owners of the land, the court shall enter an order authorizing the issuance of bonds or other evidences of indebtedness.
 (c) The order of the court shall have the force and effect of a judgment and any aggrieved party may appeal from this order within thirty (30) days after the order has been made. If no appeal is taken within that time, the order shall be deemed conclusive and binding upon the lands in the project area and upon the owners thereof.
 (d) The board may thereupon borrow money at a rate of interest from any agency of the United States or any other public or private lending source; may issue promissory notes, negotiable bonds, or other evidences of indebtedness as required by the lender thereof, and may pledge and assign all assessments and revenues relating to the project area for the repayment thereof.
A.C.A. § 14-125-802.
Pursuant to the foregoing, the chancery court, following a public hearing, is statutorily charged with determining the propriety of the borrowing at issue in your request, using as its standard "the best interest of the owners of the land" within the district.[1] It is thus apparent that your question will necessarily be resolved by litigation. It has long been the policy of this office to refrain from questioning rulings already entered by courts and to avoid opining on matters that are the subject of pending litigation. Given that your question will apparently be submitted to the courts as a matter of necessity if the district elects to proceed, I believe the policy just stated applies in this instance. Accordingly, I must respectfully decline to address your request.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] Notwithstanding the language of this statute, since the adoption of Ark. Const. amend. 80, §§ 6(a) and 19(A)(2), chancery courts are now known as circuit courts.